The opinion of the Court was delivered by
Dakgan, Ch.
It is very clear that the infant daughter of George Henry was not properly represented in the proceedings instituted by Thos. D. Fell, against the executors and devisees of the said George Henry, for the purpose of perfecting his title to the lot which had been previously sold to him by the executors. The infant devisee had no guardian ad litem: but an answer was filed in her name by the trustees appointed by the will. She would not be bound by the decree, for every formality requisite to bind an infant, by the judgment of the Court is wanting. Nevertheless, it is unquestionable that she may affirm the contract irregularly made in her behalf, and seek a recovery of the purchase money.
It is not denied, but that the legal propositions by which the defendant, Boyce, is made liable in the circuit decree, are correctly expounded. Nothing can be clearer upon the authorities, than the principle, that where one executor concurs with a devastating co-executor in an act by which the latter gets possession of the funds wasted or lost, and which without such act of concurrence could not have happened, the consenting, though innocent, executor becomes responsible for him who has committed the waste or default.
The law being thus clear, the only question open to discussion is one of fact. Did Boyce concur with his co-defendant, Ma-gratlagm the sale and the judicial proceedings by which the testers real estate, devised to his wife and infant daughter, was conveyed to Fell ? If there be no such evidence, he must *198 be discharged ; but if there be satisfactory evidence, of such concurrence on his part, he must be held accountable.
In the first place, it is worthy of remark, that there was no necessity to sell this lot for the payment of the testator’s debts. The personal assets in the hands of the executors were more than ample for this purpose. I do not perceive that it would help the case of the defendant, Boyce, if such necessity to sell had existed: though some of the cases seem to lay stress on this fact. Nor was there any necessity for a partition at that time. Neither of the two tenants in common was moving for a partition. It was, therefore, merely a voluntary and speculative sale, brought about by parties who had no interest or title in the property.
But the question, as I have said, is as to the concurrence of Boyce. .The evidence on this point is, to my mind, irresistable. I will not comment upon it in detail, but will attempt merely to group together the principal facts. John Phillips, who was counsel for Pell in the proceedings in Equity, instituted for the purpose of perfecting Fell’s title to the Market-street lot, says : “ There was a written agreement between Thomas D. Pell and Ker Boyce, and John Magrath, for the sale of this property by the said executors to the said Fell. This agreement was submitted to witness by Fell, upon which he instituted the proceedings in Equity to obtain titles to said property.” Mr. Phillips also says, that “there was a mortgage to John Magrath and Ker Boyce, as executors.” It is hardly to be presumed, that Fell would have executed a mortgage of the lot, without first having obtained titles or some written agreement by which he thought the lot was assured to him.
On discovering that the executors had no power under the will to sell and convey the real estate, Fell filed his bill, as has before been stated. He made the executors and the testator’s widow and infant daughter (who were devisees) defendants. He charges in the bill, that the two executors had enteredJmto an agreement to sell him the lot for the sum of $2,700, to^f'paid in certain instalments. He asserts that they had let him into *199 the possession, in pursuance of the agreement. He prays that the Court would decree him a title, in conformity with the terms of the agreement. The two executors filed a joint answer: in which they admitted all the allegations of the complainant’s bill, and concurred in the prayer thereof: that Fell should have his title perfected by a decree of the Court. Here it would seem, that there was evidence of Boyce’s concurrence, which sophistry could not assail, nor scepticism doubt.
But the zeal and the ingenuity of counsel, has raised a question on this evidence. On an examination of the joint answer of Boyce and Magrath to the bill of Fell, which is of record, it appears that neither of them signed the answer; nor was the answer sworn to. It was signed “ A. G. Magrath, defendant’s solicitor.” It is contended that this answer is no evidence of Boyce’s concurrence, because there is no evidence that A. G. Magrath was his solicitor, or was authorized to sign an answer for him. The negative parol evidence, on this point, is very inconclusive. The validity of the objection must, therefore, rest upon the abstract proposition, that a defendant is not bound by a decree of the Court, unless his answer has been sworn to, or signed, or there be proof that the person who signed the answer for him was, in fact, his solicitor. It requires but little reflection to perceive, that the doctrine contended for, would be exceedingly dangerous, if admitted. It would render null many decrees, and subvert many titles. I think it has been a very general practice, in many parts of the State; and, perhaps, in no place more common, than in this city, to consider the answer as sufficient, if signed by the defendant’s solicitor. If the answer was not sworn to, it, of course, could not be evidence for the defendant. And if the plaintiff desired a discovery from the defendant, he would except to the answer for this omission. It so happens, that in the very case I am now considering, there are several answers not sworn to, or signed by the defendants in person. I do not justify this loose and reprehensible practice, which, doubtless, leads to many evils and abuses. These, I can not now pause to notice. But what I would say, is this, *200 that where an answer has been filed in the name of a defendant, and purports to have been signed, by his solicitor, in his behalf, and the case proceeds to a hearing and judgment, such a defendant is bound by the decree, unless he can shew that the solicitor, who undertook to act for him in the premises, was, in truth, not authorized to do so. Neither can such a decree be questioned, or treated as void on a collateral issue, but it must stand as the decree of the Court, until it is set aside and vacated, on a proceeding instituted specifically for that purpose. Every Court must be presumed, when it proceeds to deliver its judgment, to have adjudged the fact, that the parties to be affected by its judgment, were properly represented before it; and upon this presumption the decree must stand, until it is reversed by a competent jurisdiction. Chancellor Harper has considered this subject in Winslow vs. Barry, and we suggest, that his opinion be reported in connection with this case. (a)
*201 Ker Boyce, therefore, in this case must he presumed to have been a proper party in Fell vs. Ex’ors of Henry. And that Mr. Magrath was duly authorized by him, to represent him in the premises. This is a presumption well supported by the evidence of Mr. Magrath, who says, that he “ was employed to represent the executors.” He says further, that “ he was employed in the usual way to represent these parties.” The conclusion of the Court is, that Boyce’s concurrence in the sale to Fell, has been sufficiently proved : and the further conclusion of the Court, as a matter of law, is, that he is liable for the neglect, or omission of his co-executor to record the mortgage, from which loss has accrued to the estate.
The Court is further of the opinion, that there is merit in the third ground of appeal of the defendant Boyce. Mrs. Eliza Henry (testator’s widow, now Mrs. Britton,) was also an executrix of the will of George Henry. She was a party to the bill of Thomas D. Fell. She assented to and concurred in the sale. The very same principle which subjects Boyce to liability, ought to exempt him from liability to her for her part of the loss.
The judgment of this Court is, that the defendant, Boyce, is to account only for the moiety of the purchase money of the said lot, which belonged to Anna B. Bailey, the infant daughter of the testator, George Henry. And so much of the Circuit decree as orders an account for the moiety of the purchase money of said lot, that was due to the testator’s widow (now, Mrs. Britton,) be reversed; it is ordered and decreed, that the *202 Circuit decree be so modified: that in all other respects it be affirmed, and the appeal be dismissed.
Dunkin and Ward law, CC.1 concurred.
Johnston, Ch. being connected with some of the parties, did not sit in the cause.
Decree modified.

 The following is the opinion of Chancellor Harper, in the case of Winslow vs. Barry.
Hauper Ch. But, with respect to Mrs. Winslow, it is urged, that a married woman can not alienate her inheritance in any other manner than that pointed out by the Act of Assembly upon the subject. But there is no doubt that she may alienate it by the sanction and decree of a Court of Equity, and the decree made by the Court does sanction and confirm her conveyance, and settle the title of the parties. It is argued, as I understand it, that she ought not to be considered a party to that suit, because her answer does not appear to be signed or sworn to; and authority was quoted to shew that these are requisite. But this is a misconception. It is said, 4 Bridg. Dig. 26, Title, Answer VI., 122, referring to Bunb. 251, — that “ a defendant ought to sign his answer, or for such default an injunction may be continued. But guare, whether if plaintiff takes an office copy of the answer it is not a waiver of that informality.” It would seem from this that it is for the plaintiff’s security that the signing is required. In Barley vs. Pearson, 3 Atk. 439, it was moved to suppress an answer for want of being signed.— Upon a search for precedents it was certified, that there were precedents both ways ,* some signed and some not signed by the parties. In support of the motion was urged the difficulty of convicting for perjury, in case of a false answer. Lord Hardwick© acknowledged the difficulty, but refused to make the order, as there were precedents both ways. He said, however, that he would consider of some method of making the practice uniform in future. This was in 1746; accordingly in 1748, (2 Atk. 290,) he made an order reciting the difficulty, and directing in future all answers to be signed by the party. There isa similar rule in the Court of Hew York. Blake’s Ch. 118. How it might be well to enforce the order of Lord Hardwicke, by directing the officer not to file the answer until it is signed and sworn to ; or by directing it, on motion, to be taken from the file during the pendency of the suit. But no one has conceived that this is ground for vacating a decree once pronounced. As to the swearing, that is evidently a matter for the security of the plaintiff, which he may waive, if he will. But surely, it is not for the defendant, or those claiming under him, to take advantage of the informality of his own answer. If, in point of fact, Mrs. Winslow was not served with process, or apprised of the suit, and did not authorize the appearance by Counsel, it is possible that she, or her heirs, a majority of whom, by the by, are before the Court seeking to support the deed, might, by proper proceedings for the purpose, and by shewing those facts, set aside *201 the decree; if indeed she had not afterwards recognized the fact of her being a party to the suit, by the deed of separation of 1825, reciting it, and by what is called her will. Or they might perhaps hare a remedy against the oounsel who signed without authority. But, undoubtedly, while the decree stands unreversed upon the record, I am bound to respect it. Such was the decision in Cruger vs. Daniel. Tho presumption is, that all persons were regularly made parties, whose rights appear to be decrood upon as parties. Any other practice would plainly be pernicious and impracticable. I must then declare the rights of the parties established, according to tho provisions of tho deod.
Ex parte J. D. L. Vandersmissen and Louisa Catharina Colleton, his wife. In Eq. January, 1829: Decree Book 1827 to 1830.
Application to take answer from off file, because not signed or sworn to, comes too late after decree. It seems, that if the proceedings are acquiesced in, the defendant is bound. Before Hakpek, Oh.